UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Florence Hannon</u>

    v.                                  Case No. 19-cv-823-JD

<u>State of New Hampshire</u>

**REPORT AND RECOMMENDATION**

Plaintiff Florence Hannon, appearing pro se, seeks monetary relief and other restitution from the State Of New Hampshire, alleging that a state marital master violated her right to religious freedom by unilaterally re-opening her closed divorce case in 2003.  <u>See</u> Complaint & Addendum (Doc. Nos. 1 & 4).  The complaint is before this magistrate judge for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(1).  For the reasons that follow, the district judge should dismiss this lawsuit.

**Preliminary Review Standard**

The magistrate judge conducts a preliminary review of pleadings, like Hannon's, which are filed in forma pauperis.  <u>See</u> LR 4.3(d).  The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is

immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d).  In conducting its preliminary review, the court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Background[1]

In October 2002, plaintiff filed a divorce action in New Hampshire state court. Plaintiff and her husband then reconciled before the end of 2002.  In April 2003, local police issued an order of protection against plaintiff's husband.  Plaintiff points out that the precipitating incident for the protection order was a threat, rather than physical violence. Plaintiff alleges that she requested the court to arrange for therapy to

---

[1] The facts recited in this section are drawn from the complaint (Doc. No. 1), an addendum (Doc. No. 4) and various documents attached thereto.  See Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 72 (1st Cir. 2014).

2

"mend" the couple's marriage at a hearing to address the protection order. Instead, she asserts, the hearing master re-opened the closed divorce file, essentially ordering the couple to divorce. Plaintiff alleges that since 2014 she has written to two governors and the New Hampshire Attorney General, unsuccessfully seeking to "settle" the matter. Finally, she alleges that in July 2019, the New Hampshire Superior Court rejected her request to investigate her claim of an invalid divorce.[2]

## Discussion

Plaintiff alleges that by ordering she and her husband to divorce, and thus end her Christian marriage, the State of New Hampshire violated the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. §§ 2000bb et seq.[3] Several factors militate

---

[2] It appears that request was made in the context of an interpleader action filed by a bank seeking to disburse proceeds of an account in her former husband's name. See Wells Fargo Bank v. Heirs, Devisees & Legal Representative of James T. Hannon, Jr., No. 218-2-17-CV-01301 (N.H. Super., filed Nov. 9, 2017).

[3] The RFRA provides:

> **(a) In general**
> Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except as provided in subsection (b).
>
> **(b) Exception**

3

in favor of the district judge dismissing this case for failure to state a claim upon which relief can be granted.

First, the RFRA only applies to federal actors.  In <u>City of Boerne v. Flores</u>, 521 U.S. 507, 536 (1997), the Supreme Court held that Congress exceeded its power under Section 5 of the Fourteenth Amendment in attempting to apply RFRA to the activities of state and local governments. Congress has since amended RFRA to apply only to "federal law and the implementation of that law," 42 U.S.C. § 2000bb-3 (Supp. 2002). Accordingly, plaintiff has failed to state a viable claim for relief under the RFRA.

Next, even if the court broadly construes plaintiff's claim as an alleged violation of her due process rights under 42 U.S.C. § 1983, the act she complains of – unilaterally re-

---

Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person--
   (1) is in furtherance of a compelling governmental interest; and
   (2) is the least restrictive means of furthering that compelling governmental interest.

**(c) Judicial relief**
A person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government. Standing to assert a claim or defense under this section shall be governed by the general rules of standing under article III of the Constitution.

42 U.S.C. § 2000bb-1.

opening her divorce – occurred in 2003, well outside the applicable statute of limitations. Section 1983 cases borrow the relevant limitations period applied in personal injury cases in the state where the claim arose. In New Hampshire, that period is three years. See Gorelik v. Costin, 605 F.3d 118, 121 (1st Cir. 2010); N.H. Rev. Stat. Ann. § 508:4.

Next, the Eleventh Amendment bars plaintiff's suit. The only named defendant is the State of New Hampshire. The Eleventh Amendment prohibits federal courts from hearing claims for damages and injunctive relief asserted against a state. See New Hampshire v. Ramsey, 366 F.3d 1, 14 (1st Cir. 2004) ("A state's immunity under the Eleventh Amendment applies whether a private plaintiff's suit is for monetary damages or some other type of relief.").

Finally, to the extent that plaintiff grounds her complaint on the New Hampshire Superior Court's failure, in 2018, to "investigate her claim of an invalid divorce" (Doc. No. 1 at 2), any such claim is barred by the Rooker-Feldman doctrine. Generally speaking, the Rooker-Feldman doctrine prevents a losing party in state court from seeking subsequent federal court review of that state court judgment by asserting that the state court judgment violated the loser's federally-protected rights. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460

U.S. 462, 476 (1983). Review of such state-court judgments can only be obtained in the United States Supreme Court. See Feldman, 460 U.S. at 476. See generally 28 U.S.C. § 1257.

## Conclusion

For the foregoing reasons, the district judge should dismiss plaintiff's complaint. See 28 U.S.C. § 1915(e)(2). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

November 22, 2019

cc: Florence B. Hannon, pro se